**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Brooke Bailey and Joseph Greene, Defendants,

Of whom Brooke Bailey is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2020-001306

Appeal From Horry County
Ronald R. Norton, Family Court Judge

Unpublished Opinion No. 2021-UP-092
Submitted March 4, 2021 – Filed March 19, 2021

**AFFIRMED**

Heather Vry Scalzo, of Byford & Scalzo, LLC, of Greenville, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Michael Julius Schwartz, of Russell B. Long, PA, of Myrtle Beach, for the Guardian ad Litem.

---

**PER CURIAM:** Brooke Bailey appeals the family court's order removing her minor child from her custody, finding she physically abused and physically neglected her minor child, and allowing the Department of Social Services (DSS) to forego reasonable efforts at reunification. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing children from the custody of their parents); S.C. Code Ann. § 63-7-1640(C) (Supp. 2020) (setting forth situations when a family court may authorize DSS to forego reasonable efforts at family reunification). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling and relieve Bailey's counsel.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.